## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

In re: **LORA D. GADDY, Debtor**                    **Case No. 5:12-bk-72648**
**CHAPTER 7**

### MEMORANDUM OPINION AND ORDER

Before the Court is Metropolitan National Bank's *Objection to Claim of Exemption and Motion for Relief From the Automatic Stay and Abandonment of Property of the Estate* filed on September 14, 2012, and a response by the debtor, Lora Gaddy; plus the debtor's *Motion to Avoid Judicial Liens* filed on October 21, 2012, and a response by Metropolitan National Bank [Metropolitan]. The Court heard the parties' arguments on April 4, 2013, and at the conclusion of the trial allowed the parties time to file post-trial briefs. After considering the evidence, statements of counsel, and testimony presented during the trial and the parties' post-trial briefs, for the reasons stated below, the Court sustains Metropolitan's objection to the debtor's claim of exemption in the Juneway Terrace property and denies the debtor's motion to avoid Metropolitan's lien. To the extent the automatic stay has not been terminated as a matter of law, the Court grants Metropolitan's motion for relief from stay. Finally, because the trustee did not respond to Metropolitan's motion for abandonment, the Court grants Metropolitan's motion for abandonment.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. Metropolitan's objection to the debtor's claim of exemption from property of the estate arises under title 11 of the United States Code or arises in a case under title 11 of the United States Code and is a core proceeding pursuant to 28 U.S.C. § 157(B). The debtor's motion to avoid Metropolitan's lien also arises under title 11 of the United States Code and is a core proceeding under 28 U.S.C. § 157(O). Because the debtor received her discharge on October 15, 2012, under 11 U.S.C. § 362(c), the stay of an act against property of the debtor or the debtor is terminated as a matter of law and Metropolitan's motion to remove the stay of an act against property of the debtor or the

debtor is moot.  However, the stay against property of the estate continues until the property is no longer property of the estate.  Unless the court orders otherwise, property of the estate that was not otherwise administered is not abandoned until the case is closed.  11 U.S.C. § 554(c).  Accordingly, Metropolitan's motion for relief from stay as to property of the estate arises under title 11 of the United States Code and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).  Finally, Metropolitan's motion for abandonment arises under title 11 of the United States Code or arises in a case under title 11 of the United States Code and is a core proceeding pursuant to 28 U.S.C. § 157(b)(1).  The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rules of Bankruptcy Procedure 7052 and 9014.

**BACKGROUND**

There are two express trusts involved in this proceeding: The Lora Dean Gaddy Broberg Trust [Lora Gaddy Trust] and the Lora Dean Broberg Revocable Trust [Lora Broberg Revocable Trust].  At all relevant times, the debtor, Lora Gaddy, was the trustee of each of the trusts.  The Lora Gaddy Trust was indebted to Metropolitan in the amount of $835,000, which was secured with a personal guarantee of the debtor and a first mortgage on property referred to as the Oakland Zion Road property.

In 2008, while indebted to Metropolitan, the Lora Gaddy Trust received life insurance proceeds as a result of the death of the debtor's father.  The debtor, as trustee, used some of these proceeds to purchase a certificate of deposit in the name of the Lora Gaddy Trust.  In late February 2009, the debtor, as trustee, caused the Lora Gaddy Trust to liquidate the certificate of deposit and transfer approximately $500,000 from the Lora Gaddy Trust to the debtor, individually, and her then husband.  The debtor, individually, used these funds in December 2009 to purchase the residential property that is the subject of this adversary proceeding, the Juneway Terrace property.  The debtor initially titled the Juneway Terrace property in the name of the Lora Broberg Revocable Trust; on November 9, 2011, the debtor transferred the property from the Lora Broberg Revocable Trust to the debtor, individually, by quit claim deed.  According to the debtor, she needed

2

the Juneway Terrace property for her and her son to live in after her divorce.  She took possession of the Juneway Terrace property in December 2009 and continues to live there with her son.  At the time the debtor liquidated the certificate of deposit in February 2009, the mortgage on the Oakland Zion Road property was scheduled to mature and become due two months later on April 15, 2009.

The Lora Gaddy Trust defaulted on its obligation to Metropolitan and Metropolitan filed a complaint against the debtor, individually, and the Lora Gaddy Trust to foreclose its lien on the Oakland Zion Road property.  On October 27, 2010, as a result of Metropolitan's complaint, the Circuit Court of Washington County entered its Consent Judgment and Foreclosure Decree [Consent Judgment] awarding Metropolitan a judgment against the debtor, individually, and the Lora Gaddy Trust in the approximate amount of $835,000.  The consent judgment was signed by the debtor and the Lora Gaddy Trust through their attorney, Lucas T. Regnier.  The judgment also granted Metropolitan a judgment lien on the Oakland Zion Road property "in order to secure the payment of the Judgment," and authorized the foreclosure and sale of the Oakland Zion Road property.  The parties stipulated that, after the sale, there remained a deficiency on the debt in an amount not less than $450,000.

On August 5, 2011, Metropolitan initiated another action in the Circuit Court of Washington County against the debtor, the Lora Gaddy Trust, and the Lora Broberg Revocable Trust for fraudulent conveyance relating to the debtor's use of funds from the Lora Gaddy Trust, including the liquidation of the certificate of deposit mentioned above. The complaint, summons, and lis pendens were properly served on the defendants on August 29, 2011.  The debtor, individually, answered the complaint on behalf of herself and the two trusts.  On May 9, 2012, the circuit court entered its Default Judgment, Order, and Foreclosure Decree [Default Judgment] against the Lora Gaddy Trust and the Lora Broberg Revocable Trust, finding that because the debtor is not an attorney, the answer that was filed by the individual debtor on behalf of the two trusts was null and

3

that the trusts failed to otherwise respond to the complaint.[1]  In its order, the court also granted Metropolitan's motion to dismiss the debtor, individually, from the action.

The default judgment for fraudulent conveyance contains the following findings and conclusions:

   12.   That the transfer of funds by Lora Dean Gaddy, as Trustee for The Lora Dean Gaddy Broberg Trust, from the United Missouri Bank CD to the personal account of Lora Dean Gaddy be declared a fraudulent transfer under Ark. Code Ann. § 4-59-204 and § 4-59-205 in the name of The Lora Dean Gaddy Broberg Trust.

   13.   That pursuant to Ark. Code Ann. § 4-59-207(b), and by virtue of the Consent Judgment and Foreclosure Decree entered in *Metropolitan National Bank v. Lora Dean Gaddy Broberg, et al.*, Washington County Circuit Court Case No. CV10-473-5, Plaintiff may levy execution on the Juneway Terrace Property purchased with fraudulently transferred funds to cover the remaining balance of the Consent Judgment and Foreclosure Decree as set forth in this judgment.

   14.   The Judgment of the previous paragraph constitutes a lien against the Juneway Terrace Property described as follows:
           Lot Eight (8) in Block "F," North Ridge Subdivision to the City of Fayetteville, Arkansas as per plat of said subdivision on file in the Office of the Circuit Clerk and Ex-Officio Recorder of Washington County, Arkansas.

   15.   This Court grants the judgment lien described herein in order to secure the payment of the Consent Judgment and Foreclosure Decree entered in *Metropolitan National Bank v. Lora Dean Gaddy Broberg, et al.*, Washington County Circuit Court Case No. CV10-473-5 Judgment, which Judgment lien is paramount to any right, title, claim, interest or equity of any of the Defendants herein, or any other person or party whose rights attach or are perfected after Plaintiff's *Lis Pendens* was filed in this case.  The

---

[1]  The debtor objected to the entry of the order and moved to set it aside, arguing that her answer should inure to the benefit of both trusts under the Common Defense Doctrine because she had a beneficiary interest in both trusts.  The state court denied the debtor's motion, finding that the Common Defense Doctrine did not afford the trusts relief from the judgment.

> liens and interest of Defendants herein and the liens and interests
> of any other person or party whose rights attach or are perfected
> after Plaintiff's *Lis Pendens* was filed, shall be and hereby are
> barred and foreclosed by Decree of this Court.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The debtor filed her voluntary chapter 7 bankruptcy petition on July 8, 2012. On August

13, 2012, she filed her schedules and, on Schedule C, claimed the state exemptions and

listed the Juneway Terrace property as exempt under the Arkansas Constitution as her

homestead. In Arkansas, the homestead exemption states that:

> The homestead of any resident of this State, who is married or the head of
> a family, shall not be subject to the lien of any judgment or decree of any
> court, or to sale under execution, or other process thereon, except such as
> may be rendered for the purchase money, or for specific liens, laborers' or
> mechanics' liens for improving the same, or for taxes, or against executors,
> administrators, guardians, receivers, attorneys for moneys collected by
> them, and other trustees of an express trust, for moneys due from them in
> their fiduciary capacity.

Ark. Const. art. IX, § 3. When a debtor claims state exemptions, bankruptcy courts must

look to state law to determine the debtor's state homestead exemption rights. *In re

Batchelor*, 97 B.R. 993, 996 (Bankr. E.D. Ark. 1988).

On September 14, 2012, Metropolitan timely filed its objection to the debtor's claim of

homestead exemption, arguing that the debtor was not entitled to claim an exemption in

the Juneway Terrace property because the state court found that the property was

obtained through fraudulent means. However, more accurately, the state court found that

the transfer of funds "by Lora Dean Gaddy, *as Trustee for The Lora Dean Gaddy

Broberg Trust*, from the United Missouri Bank CD to the personal account of Lora Dean

Gaddy" was a fraudulent transfer. Also relevant is that the state court authorized

"execution on the Juneway Terrace Property *purchased with fraudulently transferred

funds*" to cover the deficiency owed to Metropolitan.

To bring clarity to the state court finding, the Court must look to the Lora Gaddy Trust.

5

The Lora Gaddy Trust was formed under a trust agreement dated September 28, 2001, at which time the debtor served as a co-trustee with her father and Jeffrey Lane Broberg. The trust was amended on October 28, 2008, after her father died, to "amend and restate the said Trust, in its entirety" and remove Jeffrey Lane Broberg as co-trustee; the debtor remained as sole trustee from that date forward.  Article VIII of the trust stated the powers and duties of the trustee "in extension of and not by way of limitation of the powers, authority and discretion vested in the TRUSTEE by Arkansas law."  Under the Arkansas Trust Code,[2] which applies to express trusts in Arkansas,

> *A trustee is personally liable for torts committed in the course of administering a trust*, or for obligations arising from ownership or control of trust property, including liability for violation of environmental law, only if the trustee is personally at fault.

Ark. Code Ann. § 28-73-1010 (Repl. 2012) (emphasis added).

As stated above, the state court found that the debtor, *as trustee for the Lora Gaddy Trust*, fraudulently transferred funds from the certificate of deposit to the debtor's personal account.  Fraud is generally recognized as a tort in Arkansas.  *See, e.g., Hampton v. Taylor*, 887 S.W.2d 535, 539 (Ark. 1994) ("The tort of fraud, misrepresentation, or deceit consists of five elements").  As such, under the Arkansas Trust Code, the Court must find that the debtor is personally liable for the fraudulent transfer of funds from the certificate of deposit to the debtor's personal account.  Further, the parties stipulated that the debtor used the certificate of deposit funds to purchase the Juneway Terrace property.  (Stip. ¶ 13.)  This stipulation is in agreement with the state court's recognition that the Juneway Terrace property was purchased with fraudulently transferred funds.

The Juneway Terrace property was initially titled in the name of the Lora Broberg Revocable Trust, not the debtor.  However, Arkansas courts recognize that a person who holds a beneficiary interest in property that is maintained as a principal residence and in

---

    [2] Ark. Code Ann. § 28-73-101 et seq. (Repl. 2012).

6

which the person would otherwise be entitled to claim a homestead exemption, is still entitled to a homestead exemption even though the property is held by a revocable trust. *Fitton v. Bank of Little Rock*, 365 S.W.3d 888, 893 (Ark. 2010) (holding that a homestead exemption can extend to a revocable trust where the person claiming the exemption is the settlor, the trustee, and the beneficiary). In this instance, the debtor testified that she was the settlor, trustee, and beneficiary of the Lora Broberg Revocable Trust. The debtor also testified that she purchased the Juneway Terrace property because she needed a home for herself and her son. They moved into the property in December 2009 and have remained in the property since that time. Without considering any other factors, the Court would find that the debtor is entitled to claim a homestead exemption in the Juneway Terrace property as head of a family. *See In re Collins*, 152 B.R. 570, 572 (Bankr. W.D. Ark. 1992) (listing three factors recognized by the Arkansas Supreme Court to determine head of family). However, the Court cannot view the acquisition of this homestead with blinders.

It is well known that the constitutional provision allowing a homestead exemption under Arkansas law is to be liberally construed in favor of the person claiming the exemption. *Rowe v. Gose*, 401 S.W.2d 745, 746 (Ark. 1966); *Ferguson v. Little Rock Trust Co.*, 137 S.W. 555, 558 (Ark. 1911); *see also In re Wallerstedt*, 930 F.2d 630, 631 (8th Cir. 1991) ("courts should construe exemption statutes liberally in favor of the debtor"). The *Ferguson* court stated that "[i]t is the policy of the law in this state to protect the home, and a debtor is allowed a homestead exempt from the claims of all his creditors. . . . The exemption laws operate alike in favor of the evil and the good, the just and the unjust." *Ferguson*, 137 S.W. at 558. The court, in recognizing a debtor's right to claim a homestead exemption, said that the determination of the exemption is made without regard to the fairness or unfairness of the debtor's manipulations to secure credit or whether the creditors were deceived. The debtor has the right to a homestead or to acquire a homestead with any assets belonging to the debtor. *Id.*

However, the liberal construction of exemption law in Arkansas is of no assistance to the

7

debtor in this case. The *Ferguson* court also recognized that the transaction involved in acquiring a homestead must have been made in good faith. *Id.* The state court has already found in its Default Judgment that the debtor, as trustee of the Lora Gaddy Trust, committed fraud when she transferred the funds from the Lora Gaddy Trust to her personal account. Because of the fraud, under Arkansas law the debtor was personally liable for the fraudulent transfer. The debtor's subsequent purchase of the Juneway Terrace property with the fraudulently transferred funds is tantamount to the acquisition of a homestead not in good faith. In Arkansas, when funds were wrongfully obtained and used to improve a homestead, "the wrongdoer may not avail himself of the homestead exemption to defeat the claim of one whose funds have, in violation of a trust, been used to improve or purchase the homestead." *Mack v. Marvin*, 202 S.W.2d 590, 595 (Ark. 1947). The Court concludes that Metropolitan is the one whose funds have been used in violation of a trust. Accordingly, the Court finds that the debtor acquired the Juneway Terrace property not in good faith and is not entitled to a homestead in the Juneway Terrace property under Arkansas law. Therefore, the Court sustains Metropolitan's objection to the debtor's claim of homestead exemption under state law.

Because the Court holds that the debtor is not entitled to a homestead exemption in the Juneway Terrace property under Arkansas law, the Court must also deny the debtor's motion to avoid Metropolitan's lien under § 522(f). Section 522(f) is only applicable to the extent the lien impairs an exemption to which the debtor would have been entitled under § 522(b). Because the debtor is not entitled to her claimed exemption under § 522(b)(3), the debtor's motion is moot.

The Court also finds that the automatic stay can be terminated under § 362(d)(2). The parties stipulated that the debtor and the Lora Gaddy Trust are still indebted to Metropolitan in an amount no less than $450,000. The debtor testified that she purchased the Juneway Terrace property for approximately $173,000 and valued it at approximately $150,000 in her schedules. Based on this information, the Court finds that the debtor does not have an equity in the property. Further, because the debtor filed her bankruptcy

8

petition under chapter 7, the Court finds that the property is not necessary to an effective reorganization. Accordingly, the Court grants Metropolitan's motion for relief from stay to the extent it was not previously terminated as a matter of law.

IT IS SO ORDERED.

Ben Barry
United States Bankruptcy Judge
Dated: 06/07/2013

cc:     Stanley V. Bond and Erin Curry, attorneys for the debtor
        Russell Atchley and Kyle Unser, attorneys for Metropolitan National Bank
        Jill Jacoway, chapter 7 trustee